**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

_____

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | ) |
| | ) |
| Debtors. | ) |
| _____ | ) |
| | ) |
| DELAWARE TRUST CO., *as TCEH First Lien* | ) |
| *Indenture Trustee*, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WILMINGTON TRUST, N.A., *as First Lien* | ) |
| *Collateral Agent and First Lien Administrative* | ) |
| *Agent*, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| -and- | ) |
| | ) |
| | ) |
| MORGAN STANLEY CAPITAL GROUP | ) |
| INC., J. ARON & COMPANY, and TITAN | ) |
| INVESTMENT HOLDINGS LP, | ) |
| | ) |
| Intervenors. | ) |
| _____ | ) |

Chapter 11

Case No. 14-10979 (CSS)

(Jointly Administered)

Adversary Proceeding
Case No. 15-51239-CSS

**RESERVATION OF RIGHTS OF DEFENDANT WILMINGTON TRUST, N.A., AS
FIRST LIEN ADMINISTRATIVE AGENT, REGARDING MOTIONS FOR
JUDGMENT ON THE PLEADINGS**

Defendant Wilmington Trust, N.A., as First Lien Administrative Agent (the "Administrative Agent"), respectfully files this reservation of rights regarding any party's anticipated motions for judgment on the pleadings.[1]

## STATEMENT OF INTEREST

Wilmington Trust, N.A. is the First Lien Collateral Agent and Administrative Agent under the First Lien Credit Agreement.  (FAC ¶ 10.)  In its capacity as Administrative Agent, Wilmington Trust acts as the agent for the holders of debt issued under the First Lien Credit Agreement, which constitutes a substantial majority of the TCEH first lien debt.  (*Id.* n.6.)

## RESERVATION OF RIGHTS

While the Administrative Agent takes no position as to the Allocation Dispute,[2] the Administrative Agent respectfully reserves its rights concerning all aspects of calculating amounts to be distributed between and among First Lien Creditors if the Court were to conclude that the Post-Petition Interest Allocation Calculation governs the allocation and payment to First Lien Creditors of the Holdback Amounts (the Monthly Payments that TCEH makes under the Cash Collateral Order) and the Distributions (the anticipated distributions under TCEH's proposed Plan).  This reservation includes, but is not limited to, the determination of the appropriate interest rate that may be applicable to the TCEH First Lien Secured Claims (as defined in the Plan) in the event the Court were to determine that the Holdback Amounts and Distributions are appropriately allocated among First Lien Creditors according to the Post-

---

[1] Capitalized terms not defined in this reservation of rights have the same meanings as used in the plaintiff Delaware Trust Company's First Amended Complaint (the "FAC").

[2] Wilmington Trust, N.A., in its capacity as First Lien Collateral Agent, has likewise taken no position as to the Allocation Dispute.  (ECF No. 48.)

Petition Interest Allocation Calculation.[3]  While these issues are not ripe for adjudication right now—and only will be if the Court were to conclude that the Post-Petition Interest Allocation Calculation applies—the Administrative Agent may take a position on these issues if and when they are litigated.

Delaware Trust confusingly alleges at various points in the FAC that the Holdback Amounts be allocated and distributed to Delaware Trust for the exclusive benefit of the First Lien Noteholders (FAC ¶¶ 64, 81, 87), even though it seeks a declaration that the those amounts should be allocated "among the First Lien Creditors using the Post-Petition Interest Allocation Calculation."  (FAC ¶ 82.)  The Administrative Agent therefore reserves its rights regarding the calculation of amounts allocated with respect to the Holdback Amounts among the First Lien Creditors, if and to the extent the Court were to conclude that the Post-Petition Interest Allocation Calculation applies to the Holdback Amounts.

No party has specified the appropriate interest rate (or the underlying amount to which the interest rate should be applied) to be used in allocating Distributions or Holdback Amounts if the Court were to conclude that those amounts are appropriately allocated according to the Post-Petition Interest Allocation Calculation.  The Administrative Agent respectfully submits, in that event, the Court should not enter a final judgment on the pleadings without determining the specifics of any such allocation, and the Administrative Agent reserves all of its rights in that regard.

---

[3] The Cash Collateral Order expressly reserves all First Lien Creditors' rights to argue that allocation of the Holdback Amounts among the First Lien Creditors should include post-petition interest "based upon the default contract rate set forth under" the First Lien Documents.  (Cash Collateral Order ¶ 6(a).)

Dated: New York, New York

October 9, 2015

Respectfully submitted,

STEVENS & LEE, P.C.

By:  */s/ Joseph H. Huston, Jr.*

Joseph H. Huston, Jr. (No. 4035)
1105 North Market Street, Ste. 700
Wilmington, DE 19801
302-425-3310
jhh@stevenslee.com

and

George A. Davis
Jonathan Rosenberg
Peter Friedman
Daniel S. Shamah
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
gdavis@omm.com
jrosenberg@omm.com
pfriedman@omm.com
dshamah@omm.com
Tel:  (212) 326-2000
Fax: (212) 326-2061

*Attorneys for Defendant Wilmington
Trust, N.A., in its capacity as
First Lien Administrative Agent*

## <u>CERTIFICATE OF SERVICE</u>

Joseph H. Huston, Jr., hereby certifies that on October 9, 2015, he caused a true and correct copy of the foregoing *Reservation of Rights of Defendant Wilmington Trust, N.A. Regarding Motions for Judgment on the Pleadings* to be served upon all counsel of record electronically through the Court's CM/ECF System.

Neil B. Glassman, Esquire
GianClaudio Finizio, Esquire
BAYARD, P.A.
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801
*Attorneys for Delaware Trust Company, as TCEH First Lien Indenture Trustee*

Michael S. Kim, Esquire
Jeremy C. Hollembeak, Esquire
Benjamin J.A. Sauter, Esquire
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
*Attorneys for Delaware Trust Company, as TCEH First Lien Indenture Trustee*

Michael D. DeBaecke, Esquire
BLANK ROME LLP
1201 N. Market Street, Suite 800
Wilmington, DE 19801
*Attorneys for Defendant Wilmington Trust, N.A., as First Lien Collateral Agent*

Mark D. Kotwick, Esquire
Thomas Ross Hooper, Esquire
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, New York 10004
*Attorneys for Defendant Wilmington Trust, N.A., as First Lien Collateral Agent*

Mark Felger, Esquire
Barry M. Klayman, Esquire
Simon E. Fraser, Esquire
COZEN O'CONNOR
1201 North Market Street, Suite 1001
Wilmington, DE 19801
*Attorneys for Defendant J. Aron & Company*

Thomas J. Moloney, Esquire
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, NY 10006
*Attorneys for Defendant J. Aron & Company*

Bradley R. Aronstam, Esquire
Benjamin J. Schladweiler, Esquire
ROSS ARONSTAM & MORITZ LLP
100 S. West Street, Suite 400
Wilmington, DE 19801
*Attorneys for Defendant Titan Investment*
*Holdings LP and Titan Indemnity Company*

Ronit J. Berkovich, Esquire
Salvatore Romanello, Esquire
David R. Sign, Esquire
Jessica Liou, Esquirew
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
*Attorneys for Defendant Titan Investment*
*Holdings LP and Titan Indemnity Company*

Ashley R. Altschuler, Esquire
R. Craig Martin, Esquire
Scott Czerwonka, Esquire
DLA PIPER LLP (US)
1201 North Market Street, Suite 2100
Wilmington, DE 19801
*Attorneys for Defendant Morgan Stanley*
*Capital Group, Inc.*

Howard R. Hawkins, Jr., Esquire
Ellen M. Halstead, Esquire
Michele Maman, Esquire
Thomas J. Curtin, Esquire
CADWALADER, WICKERSHAM
& TAFT LLP
One World Financial Center
New York, New York 10281

Mark C. Ellenberg, Esquire
CADWALADER, WICKERSHAM
& TAFT LLP
700 Sixth Street, N.W.
Washington, DC 20001
*Attorneys for Defendant Morgan Stanley*
*Capital Group, Inc.*

      */s/  Joseph H. Huston, Jr.*
      Joseph H. Huston, Jr.